```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

WILLWOODS COMMUNITY                             CIVIL ACTION

VERSUS                                          NO. 06-8058

ESSEX INSURANCE CO. AND                         SECTION "R"(1)
RSUI INDEMNITY CO.


## ORDER AND REASONS

Before the Court is plaintiff's motion to remand this case to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.  For the following reasons, the Court GRANTS the motion and REMANDS the case.


## I.   BACKGROUND

This suit arises out of insurance contracts made between plaintiff Willwoods Community and defendants Essex Insurance and RSUI Indemnity.  The insurance policies are excess policies that provide coverage above the limits of Willwoods' original insurer, Landmark American Insurance Company.  Landmark is not a party to

this suit.  Willwoods sued defendants in state court in Louisiana for damage to its property it allegedly sustained during Hurricane Katrina.  Willwoods included in its state court petition language from a service of suit provision that allegedly established that the defendants "will submit to the jurisdiction of any Court of Competent Jurisdiction within the United States." (R. Doc. 1-2 at p. 3).  This language was taken from plaintiff's policy with Landmark.  Defendants removed to this Court, asserting that removal was proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Defendants further argued that this Court has removal jurisdiction under 28 U.S.C. § 1441(e)(1)(B) and jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. § 1369.  Finally, defendants argued that the service of suit provision included in the contract in effect between the defendants and the plaintiff provided that the defendants would "submit to the jurisdiction of any court of competent jurisdiction *with* the United States of America."  (R. Doc. 1-1 at p. 3).  This language was taken from the plaintiff's policies with defendants.  According to defendants, this language demonstrates that it was the intent of the parties that any dispute over the insurance contract would be brought in a court "with the United States," meaning a federal court.  *Id.*

**II.   LEGAL STANDARD – REMOVAL**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

**III.   DISCUSSION**

    **A.   Service of Suit Provision**

As a preliminary matter, the Court notes that if the controlling language provides that the defendants will submit to the jurisdiction of any court of competent jurisdiction "within" the United States, then the defendants have waived their right to

remove.  In *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 14-16 (5th Cir. 1991), the Fifth Circuit considered language that is almost identical to the quoted provision and held that such language precluded removal.  *Id.*  The parties agree that at least one of the two proffered service of suit provisions is controlling in this case.  Accordingly, the question is whether the service of suit provision requiring the defendant to submit to the jurisdiction of any court "with" the United States of America establishes that it was the intent of the parties that this suit be brought only in federal court.

Defendants contend that the language of the service of suit provision establishes that they would submit to the jurisdiction of any federal court.  The argument is that a court "with the United States" means any federal court.  The Court rejects this argument for the following reasons.

First, as a general industry practice, the usual usage in service of suit provisions is "within the United States."  *See, e.g., City of Rose City*, 931 F.2d at 14; *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 622 (8th Cir. 1997); *Friar v. TL Dallas (Special Risks), Ltd.*, 2003 WL 22095664, *3 (S.D. Tex. 2003).  By comparison, the Court cannot find a single instance, in legal databases or the public domain, where parties to a service of suit provision used the language

"with the United States" to refer to a federal court.  Further, the defendants' service of suit provisions are nearly identical to the one included in the Landmark policy, with the notable exception that the defendants' provisions substitute "with" for "within."  But the defendants' policies also provide that they are "subject to the same warranties, terms and conditions . . . as are contained in or as may be added to the policy(ies) of the primary insurer(s) . . . ."  (R. Doc. 2-2 at Exs. 5. 6).  This manifests an intent by the parties to align substantially the terms and conditions of the excess policies with those of the original insurance policy.  It would therefore be anomalous for the parallel policies to contain inconsistent service of suit provisions.  This supports the conclusion that "with" was a typographical error and that it was the intent of the parties to submit to jurisdiction and venue in any court within the United States.

Second, the Court must note that the use of the term "Court . . . with the United States" to denote a federal court is so inartful as to be implausible.  As discussed above, the Court cannot find a single instance of the asserted usage in the public domain.  While the Court can readily ascertain the meaning of phrases like "court of the United States" or "court within the United States," it is not at all clear what the parties would

have intended by submitting to the jurisdiction of a court "with the United States."  Thus, the awkwardness of the language used – when much clearer alternatives were available to sophisticated parties – supports the conclusion that the language "with the United States" was a typographical error.

Third, Willwoods points out an absurd result of the defendants' asserted interpretation.  Had the parties bargained to submit to the jurisdiction only of federal courts, the language clause would purport to vest exclusive venue over disputes under the policy in federal courts.  But parties cannot waive the subject matter jurisdiction requirement in federal court.  Without an independent basis, such as diversity or federal question jurisdiction, a service of suit provision limiting the case to federal court would have no effect.  The provision would thus limit the plaintiff's choice of forum to courts that would be unavailable in some circumstances.  It is implausible that the parties would have intended such a result.

Finally, the defendants have offered no evidence to support their questionable interpretation.  An affidavit by the drafter of the provision, explaining the reasons for the unusual language, might create a stronger case for the defendants.  As it is, the words of the contract are the only evidence of the parties' intent.  For the above reasons, the Court concludes that

the language of the service of suit provision included a typographical error and that it was the intent of the parties that the defendants submit to the jurisdiction of any court "within" the United States.

Even assuming *arguendo* that the service of suit provision did not clearly include a typographical error, the meaning of "Court . . . with the United States" is, at best, ambiguous. Such ambiguity, under Louisiana law, is to be construed against the insurer. *See Mayo v. State Farm Mutual Auto Ins. Co.*, 869 So.2d 96, 100 (La. 2004). Thus, as between the two "reasonable" interpretations advanced by the parties, the Court must choose the reasonable interpretation offered by the plaintiff.

### B.  Jurisdiction

Because the terms of the service of suit provision establish that the defendants' removal was improper in this case, the Court need not discuss any bases of federal jurisdiction. The provision precludes litigation in this Court irrespective of independent jurisdictional bases.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand and REMANDS the case to the 24th Judicial District Court for Jefferson Parish.

New Orleans, Louisiana, this  14th  day of December, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT